IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 14-13-12-RGA |
| | ) |
| JAMAR CANNON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Defendant filed a motion for review of the order of detention. (D.I. 422). The Government has responded (D.I. 448), and, at my request, provided some supplemental information. (D.I. 455). Neither party chose to call any witnesses at the hearing on this motion.

It appears that my review is *de novo*. *See United States v. Delker*, 757 F.2d 1390, 1395 (3d Cir. 1985). I do have a written order from the Magistrate Judge explaining the original order of detention. (D.I. 62). I incorporate what the Magistrate Judge said, while noting that the evidence suggesting that Defendant is a danger to the community and a risk of flight has been significantly increased since that time by the addition of the evidence of Defendant's vehicle flight at high and dangerous speed on February 20, 2014. (D.I. 455 at 11). This event was about two days before the crime charged in the present case, and about two weeks before his arrest in this case.

Defendant raises a number of arguments in his motion, but they are not well-taken. For example, Defendant argues that he does not qualify for the presumption of dangerousness and

risk of flight because the offense level for his offense is "14." (D.I. 422 at ¶ 4). The sentencing guidelines, however, are irrelevant to the determination of whether a drug offense has a maximum sentence that is ten years or more. Some of his other arguments ignore what the Magistrate Judge actually found, or raise non-material issues, or are legally erroneous, and all concern a series of minor arrests and/or convictions from about fifteen or more years ago. For example, whether he was found guilty of "possession of non-narcotic" or "possession of narcotic" is immaterial.[1] Burglary 3rd under Delaware law is a felony, not a misdemeanor. There are some other specific arrests or convictions which Defendant says are "untrue" or "never happened," but other than making the recited conclusory and unsworn assertions, Defendant provides no evidence. For example, although he objects to the statement that he was convicted of "possession of counterfeit substances" described as being "human growth hormone," the Pretrial Services Report indicates such a conviction on November 17, 2011.

I note that the February 20, 2014, high speed vehicle chase was the sixth time Defendant as an adult fled the police. The Pretrial Services Report identifies five other times, in connection with a 9/3/03 conviction ("vehicle chase"), a 4/1/11 conviction ("fled"), a 4/30/10 arrest ("fled"), a 7/18/11 arrest ("jumped out of the vehicle, and ran"), and the 11/17/11 conviction ("fled").

Thus, I find that Defendant did not rebut the presumption, and, even if he had, the evidence is that he is a danger to the community and a risk of flight, and I will not alter the

---

[1] I reviewed the Pretrial Services Report that was provided to the Magistrate Judge. It is undated, but has a header which appears to indicate the date "0311" or March 11, 2014. This Report, which takes the better part of eight pages to summarize Defendant's criminal record, supports everything the Magistrate Judge stated in her Order, except for identifying the 1997 "theft" conviction as shoplifting (which of course is a form of theft), describing a resisting arrest conviction as occurring in 2001, but which seems to have occurred in 2000, and describing a VOP occurring in "April" 2010 as having occurred in February 2010. These variances are *de minimis*.

Magistrate Judge's order of detention.

IT IS SO ORDERED this 21 day of September 2015.

_____
United States District Judge